41 F.3d 1514
 Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Robert FARMER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto Valencia BARRAGAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo BARRAGAN, Defendant-Appellant.
 Nos. 93-10517, 94-10129 and 94-10154.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Nov. 9, 1994.
 
 1
 Before: SCHROEDER and RYMER, Circuit Judges and DWYER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants Richard Farmer, Alberto Barragan, and Alfredo Barragan appeal their sentences under the Sentencing Guidelines for various drug trafficking offenses. In an earlier appeal, this court remanded their sentences for resentencing. The principal issue in all of their appeals is whether the district court, on remand, made adequate factual findings as to relevant conduct under United States Sentencing Guideline Sec. 1B1.3.
 
 
 4
 In the original sentence, the district court held all three appellants accountable for approximately 26 drug smuggling trips across the Mexican border. We noted that the district court had made no express findings at all with respect to the relevant conduct and only a conclusory statement regarding the responsibility of all of the appellants for all of the conduct they were sentenced for. See United States v. Conkins, 9 F.3d 1377, 1386-1387 (9th Cir.1993). We said in relevant part that "[i]n determining the appropriate sentence for each of these defendants, the district court must make express findings under Sec. 1B1.3 of the guidelines based on a preponderance of the evidence" and that the district court "may not include conduct that is 'not within the scope of [each respective] defendant's agreement' or not 'reasonably foreseeable in connection with the criminal activity [each] defendant agreed to jointly undertake.' " See id. at 1387.
 
 
 5
 On remand, the district court found that all of the smuggling trips occurred during the conspiracy and additionally found that all of the trips were foreseeable by each appellant and therefore properly included as relevant conduct. Our mandate has been complied with.
 
 
 6
 Appellant Farmer additionally contends that the district court failed to comply with our earlier mandate which required it to make a specific finding as to his contention that he had withdrawn from the conspiracy as of December, 1988. See 9 F.3d at 1387. On remand, the district court expressly stated that "in accordance with the Ninth Circuit's remand, the court enters its written finding that Richard Farmer ... did not withdraw from the conspiracy as of December 1988." Again, our mandate has been complied with. This result is consistent with the holding reached by this court in an appeal by co-defendant Fogel, who similarly contested the adequacy of the district court's findings as to her withdrawal from the conspiracy. See United States v. Fogel, No. 93-10491 (9th Cir., Oct. 11, 1994).
 
 
 7
 Alfredo "David" Barragan now seeks an evidentiary hearing as to the weight of the drugs that were taken into account at his original sentencing and resentencing. Appellant did not raise this issue in the earlier appeal. Moreover, the district court did consider appellant's objections to the presentence report, and its findings as to the amounts involved are supported by the evidence.
 
 
 8
 Alberto Barragan had ample opportunity to present arguments in opposition to the presentence report's recommendation that all 26 trips be includable as relevant conduct. He never requested an evidentiary hearing, nor did this court order one.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3